Docusign Envelope ID: A8A8B7D5-9959-4870-A8B1-AEE93F68C2F6

Leonard W. Williamson, OSB #910020
VAN NESS WILLIAMSON LLP
960 Liberty St. SE, Suite 100
Salem, Oregon 97302
(503) 365-8800
l.williamson@vwllp.com

Bradley A. Benbrook*
Stephen M. Duvernay*
BENBROOK LAW GROUP, PC
701 University Avenue, Suite 106
Sacramento, California 95825
(916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Pro hac vice applications to be submitted

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DALLIN MONTGOMERY; NICK HOLDWAY; KEVIN WALTERS; OREGON FIREARMS FEDERATION; and FIREARMS POLICY COALITION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ELLEN ROSENBLUM, in her Official Capacity as Oregon Attorney General; and CASEY CODDING, in his Official Capacity as Superintendent of the Oregon State Police, <br><br> Defendants. | Case No.: 3:24-cv-01273-AN <br><br> **DECLARATION OF KEVIN STARRETT IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** <br><br> **EXPEDITED HEARING AND ORAL ARGUMENT REQUESTED** <br><br> **RELIEF REQUESTED BEFORE SEPTEMBER 1, 2024** |

I, Kevin Starrett, declare:

1.  I am over 18 years old. I am competent to give this declaration. I have personal knowledge of the matters set forth in this declaration and would be able to testify to them if called as a witness.

2.  I am the Executive Director of the Oregon Firearms Federation, Inc. ("OFF"), a Plaintiff in this action. I am authorized to testify on behalf of OFF as to matters set forth in this Declaration.

3.  I have personal knowledge of the facts stated herein, have reviewed the Complaint, Motion for Temporary Restraining Order and/or Preliminary Injunction, and Memorandum in Support of the Motion for Temporary Restraining Order or Preliminary Injunction, and if called as a witness, could competently testify thereto.

4.  I have held the position of Executive Director of OFF since the organization was founded in 1998. As its Executive Director, I am duly authorized to act on behalf of the organization.

5.  OFF is a non-profit organization incorporated under the laws of Oregon, with a place of business in Oregon. The purposes of Plaintiff OFF include defending and promoting the People's rights— especially the fundamental, individual Second Amendment right to keep and bear arms—advancing individual liberty, and restoring freedom. Plaintiff OFF serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

6.  Plaintiff OFF members are residents of Oregon. Plaintiff OFF represents its Oregon resident members—who include gun owners, prospective gun owners, and gun self-manufacturers, as well as retailers of NFOs, parts, and firearms, and others—and brings this action on behalf of its Oregon resident members, including the named Plaintiffs herein.

7.  Plaintiff OFF's Oregon resident members, including the individual Plaintiffs in this case, have been and will continue to be adversely and directly harmed by Defendants' administration, implementation, and enforcement of the laws, and related regulations, policies,

practices, and customs challenged herein and will otherwise remain so adversely and directly affected under Oregon's Bans. Many of Plaintiff OFF's Oregon resident members lawfully acquired unserialized firearm components and firearm construction materials that are commonly possessed by law-abiding citizens in the exercise of their right to self-manufacture firearms for their own self-defense and other lawful purposes. However, OFF's Oregon resident members can no longer lawfully possess these items after September 1, 2024, without facing criminal sanctions.

8.  Many of Plaintiff OFF's Oregon resident members desire to continue to own and possess the now-banned items for lawful purposes, and to not sell, modify, or otherwise dispose of them, but they reasonably fear criminal sanction in light of the criminal sanctions imposed by Oregon's Bans.

9.  Many of Plaintiff OFF's Oregon resident members also desire to acquire additional NFOs and firearm construction materials otherwise commonly available for purchase and used in the self-manufacturing of firearms for self-defense and other lawful purposes, including those that fall within the definition of "unfinished frames or receivers" under Oregon's Bans, and further desire to self-manufacture additional operable firearms for self-defense and other lawful purposes, including items that fall within the definition of "undetectable firearms" under Oregon's Bans. However, they will be prohibited from doing so after House Bill 2005's Bans take effect on September 1, 2024.

10. Based on this threat of criminal prosecution by and through Oregon's Bans that Defendants are charged with enforcing, Plaintiff OFF's Oregon resident members have been and will be adversely effected by Oregon's Bans' infringement of their Second Amendment protected rights.

11. Plaintiff OFF reasonably fears the prosecution of its Oregon resident members by and through Defendants' administration, implementation, and enforcement of the laws, regulations, policies, practices, and customs challenged herein.

12. Additionally as I read HB 2005 is an outright prohibition on the possession of an "unfinished frame or receiver" "*unless the firearm has been imprinted with a serial number by a*

*federally licensed firearm manufacturer, importer or dealer, or a gunsmith with a federal firearms license, in accordance with federal law*" (Section 4(1)(b) . While the law makes an exception for "*A gunsmith taking possession of a firearm for the purpose of imprinting the firearm with a serial number in accordance with federal law*" it provides no corresponding exception for the person attempting to have a serial number imprinted on the frame, receiver, or completed firearm after Sept. 1, 2024.

13.     Thus, it would seem it is impossible for any person who moves into Oregon with an unserialized firearm after that date to comply with the law. Furthermore, an unlicensed person who manufactures a frame or receiver themselves is instantly in violation at the time they created the frame or receiver since it would not have "*been imprinted with a serial number by a federally licensed firearm manufacturer, importer or dealer, or a gunsmith with a federal firearms license, in accordance with federal law.*" And after Sept. 1, 2024, exceptions are eliminated so they cannot even lawfully bring it to a licensed gun smith for serialization.

14.     Neither Federal law, nor HB 2005, define who should be considered the "manufacturer" of a firearm that an individual is attempting to have serialized. Nor is it clear to whom, if anyone, the imprinting of a serial number, and any other information about the firearm or its owner, should be reported.[1]

15.     OFF seeks relief on behalf of its Oregon resident members, including the named Individual Plaintiffs, who knowingly or unknowingly are subject to Oregon's Bans. As detailed above, this suit is germane to OFF's organizational purposes and the individual participation of its members (beyond the Individual Plaintiffs) is not necessary to the lawsuit. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199–200 (2023); *see also United Food & Commercial Workers Union v Brown Group. Inc.*, 517 U.S. 544, 546 (1996) (noting that "'individual participation' is not normally necessary when an association seeks prospective or injunctive relief for its members").

---

[1] https://olis.oregonlegislature.gov/liz/2023R1/Downloads/MeasureDocument/HB2005/C-Engrossed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed August 7, 2024.

*kevin Starrett*
Kevin Starrett