Docusign Envelope ID: 577150ZE-2C5D-4E33-BC33-84D9B03938A8

Leonard W. Williamson, OSB #910020
VAN NESS WILLIAMSON LLP
960 Liberty St. SE, Suite 100
Salem, Oregon  97302
(503) 365-8800
l.williamson@vwllp.com

Bradley A. Benbrook*
Stephen M. Duvernay*
BENBROOK LAW GROUP, PC
701 University Avenue, Suite 106
Sacramento, California  95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

**Pro hac vice applications to be submitted*

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| DALLIN MONTGOMERY; NICK HOLDWAY; KEVIN WALTERS; OREGON FIREARMS FEDERATION; and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ELLEN ROSENBLUM, in her Official Capacity as Oregon Attorney General; and CASEY CODDING, in his Official Capacity as Superintendent of the Oregon State Police,<br><br>Defendants. | Case No.:  3:24-cv-01273-AN<br><br>**DECLARATION OF BRANDON COMBS IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**<br><br>**EXPEDITED HEARING AND ORAL ARGUMENT REQUESTED**<br><br>**RELIEF REQUESTED BEFORE SEPTEMBER 1, 2024** |

I, Brandon Combs, declare:

1. I am over 18 years old. I am competent to give this declaration. I have personal knowledge of the matters set forth in this declaration and would be able to testify to them if called as a witness.

2. I am the President and Founder of Firearms Policy Coalition, Inc. ("FPC"), a Plaintiff in this action. I am authorized to testify on behalf of FPC as to matters set forth in this Declaration.

3. I have personal knowledge of the facts stated herein, have reviewed the Complaint, Motion for Temporary Restraining Order or Preliminary Injunction, and Memorandum in Support of the Motion for Temporary Restraining Order and/or Preliminary Injunction, and if called as a witness, could competently testify thereto.

4. I have held the elected position of president of FPC since the organization was founded in 2014. As its President, I am duly authorized to act on behalf of the organization.

5. FPC is a nonprofit membership organization incorporated in Delaware with a primary place of business in Clark County, Nevada. FPC works to create a world of maximal human liberty and freedom and to promote and protect individual liberty, private property, and economic freedoms. It seeks to protect, defend, and advance the People's rights, especially but not limited to the inalienable, fundamental, and individual right to keep and bear arms and protect the means by which individuals may exercise the right to carry and use firearms. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs.

6. Plaintiff FPC has members within and outside of Oregon. Plaintiff FPC represents its Oregon resident members—who include gun owners, prospective gun owners, and gun self-manufacturers, as well as retailers of NFOs, parts, and firearms, and others—and brings this action on behalf of its Oregon resident members, including the named Plaintiffs herein.

7. Plaintiff FPC's Oregon resident members, including the individual Plaintiffs in this case, have been and will continue to be adversely and directly harmed by Defendants'

administration, implementation, and enforcement of the laws, and related regulations, policies, practices, and customs challenged herein and will otherwise remain so adversely and directly affected under Oregon's Bans. Many of Plaintiff FPC's Oregon resident members, such as the Individual Plaintiffs here, lawfully acquired unserialized firearm components and firearm construction materials that are commonly possessed by law-abiding citizens in the exercise of their right to self-manufacture firearms for their own self-defense and other lawful purposes. However, FPC's Oregon resident members can no longer lawfully possess these items after September 1, 2024, without facing criminal sanctions, which include fines and/or imprisonment.

8. Many of Plaintiff FPC's Oregon resident members desire to continue to own and possess the soon-to-be banned items for lawful purposes, and to not sell, modify, or otherwise dispose of them, but they reasonably fear criminal sanction in light of the criminal sanctions imposed by Oregon's Bans.

9. Many of Plaintiff FPC's Oregon resident members, including the Individual Plaintiffs here, also desire to acquire additional NFOs and firearm construction materials otherwise commonly available for purchase and used in the self-manufacturing of firearms for self-defense and other lawful purposes, including those that fall within the definition of "unfinished frames or receivers" under Oregon's Bans, and further desire to self-manufacture additional operable firearms for self-defense and other lawful purposes, including items that fall within the definition of "undetectable firearms" under Oregon's Bans. However, they will be prohibited from doing so after House Bill 2005's Bans take effect on September 1, 2024.

10. Based on this threat of criminal prosecution by and through Oregon's Bans that Defendants are charged with enforcing, Plaintiff FPC's Oregon resident members have been and will be adversely effected by Oregon's Bans' infringement of their Second Amendment protected rights.

11. Plaintiff FPC's Oregon resident members reasonably fear prosecution by and through Defendants' administration, implementation, and enforcement of the laws, regulations, policies, practices, and customs challenged herein.

12. FPC seeks relief on behalf of its Oregon resident members, including the named Individual Plaintiffs, who knowingly or unknowingly are subject to Oregon's Bans. As detailed above, this suit is germane to FPC's organizational purposes and the individual participation of its members (beyond the Individual Plaintiffs) is not necessary to the lawsuit. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199–200 (2023); *see also United Food & Commercial Workers Union v Brown Group. Inc.*, 517 U.S. 544, 546 (1996) (noting that "'individual participation' is not normally necessary when an association seeks prospective or injunctive relief for its members").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed August 7, 2024.

DocuSigned by:

9B06C49FE82C4D9...

Brandon Combs