Leonard W. Williamson, OSB #910020
VAN NESS WILLIAMSON LLP
960 Liberty St. SE, Suite 100
Salem, Oregon 97302
(503) 365-8800
l.williamson@vwllp.com

Bradley A. Benbrook*
Stephen M. Duvernay*
BENBROOK LAW GROUP, PC
701 University Avenue, Suite 106
Sacramento, California 95825
Telephone: (916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

*Pro hac vice applications to be submitted

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| DALLIN MONTGOMERY; NICK HOLDWAY; KEVIN WALTERS; OREGON FIREARMS FEDERATION; and FIREARMS POLICY COALITION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ELLEN ROSENBLUM, in her Official Capacity as Oregon Attorney General; and CASEY CODDING, in his Official Capacity as Superintendent of the Oregon State Police,<br><br>Defendants. | Case No.: 3:24-cv-01273-AN<br><br>**DECLARATION OF LEONARD W. WILLIAMSON IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**<br><br>**EXPEDITED HEARING AND ORAL ARGUMENT REQUESTED**<br><br>**RELIEF REQUESTED BEFORE SEPTEMBER 1, 2024** |

I, Leonard W. Williamson, declare:

1. I am an attorney, licensed to practice law in the State Oregon, and an attorney with the law firm of Van Ness Williamson LLP, counsel of record for Plaintiffs in connection with this action. This Declaration is submitted in support of Plaintiffs' motion for a temporary restraining order or preliminary injunction. The following facts are within my personal knowledge, except where stated on information and belief, and if called upon I could and would testify competently thereto.

2. Plaintiffs filed this case on August 5, 2024. Shortly after filing, I sent a copy of the complaint and proposed summonses to Senior Assistant Attorney General Brian Marshall and Special Assistant Attorney General Harry Wilson. Both having previously worked on similar Second Amendment cases filed against the State of Oregon filed in U.S. District Court. In that e-mail, I informed the attorneys that Plaintiffs intended to file for a temporary restraining order or preliminary injunction on August 7, and asked whether the attorneys were authorized to accept service of process on behalf of the Defendants. My email include the direct dial phone number for my office line to my desk.

3. After receiving an out-of-office response from Marshall, I forwarded my initial e-mail (including the complaint and proposed summonses) to Carla Scott, Attorney-in-Charge of the Special Litigation Unit (SLU) with the Oregon Department of Justice and Janice Thompson, legal assistant to Marshall, with the Oregon Department of Justice, as directed by Marshall's response.

4. Later that day, I received a phone call from Wilson who advised me that he was calling on behalf of the Oregon Department of Justice and in response to my earlier email. Wilson further advised that he had been informed by the Justice Department that someone from the Department would contact me on August 6, 2024, in response to my email and that they were working on getting permission to accept service of the complaint. Finally, Wilson also advised that the Department of Justice had not yet made a decision to retain himself or the Markowitz firm.

5. On the morning of August 6, I sent copies of the issued summonses and Civil Case Assignment Order (ECF No. 5) and Summons (ECF No. 6) to Scott, Thompson, and Wilson.

6.	Early evening of on August 6th, 2024, Wilson emailed me to advised that he was in the process of being retained on this case and wanted to schedule a call for August 7th, 2024, to discuss acceptance of service and a briefing schedule. I replied with my availability for a call and Mr. Wilson indicated he would call during my availably.

7.	On August 7th, 2024, while traveling between Newport and Corvallis, Oregon, I spoke to Mr. Wilson by cell phone. Mr. Wilson indicated that the Department of Justice was retaining him to defend this lawsuit on behalf of the State. He said he would be sworn-in tomorrow, August 8th, to act as Special Counsel. Mr. Wilson then indicated that the Plaintiff's complaint had been sent to the Oregon State Police, and they were in discussions about acceptance of service. Mr. Wilson and I then discussed the briefing schedule for the Plaintiff's TRO/MPI, and we discussed the following tentative dates. The State's response would be filed on or before August 18th, Plaintiff's reply briefing would be due August 23rd, with oral argument before the Court on August 26th or 27th, depending on the Court's availability. Mr. Wilson indicated that he couldn't confirm the briefing schedule yet, as he wanted to see the Plaintiff's motions first. I advised Mr. Wilson that upon filing the Motions and Declarations of our clients that I would email him copies. I then lost cellphone connection with Mr. Wilson, who I attempted to call back two more times when I reached the Willamette Valley and had cell phone service, leaving him a voicemail message to call me back.

8.	I will serve copies of Plaintiffs' temporary restraining order brief and supporting materials on Defendants' counsel by e-mail immediately after filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed August 7, 2024.

Leonard W. Williamson