**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Anit K. Jindal, OSB #171086**
AnitJindal@MarkowitzHerbold.com
**Erin N. Dawson, OSB #116334**
ErinDawson@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085
*Special Assistant Attorneys General for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DALLIN MONTGOMERY; NICK HOLDWAY; KEVIN WALTERS; OREGON FIREARMS FEDERATION, INC.; and FIREARMS POLICY COALITION, INC., | Case No. 3:24-cv-01273-AN<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES** |
| Plaintiffs, | |
| v. | |
| DAN RAYFIELD, in his Official Capacity as Oregon Attorney General; and CASEY CODDING, in his Official Capacity as Superintendent of the Oregon State Police, | |
| Defendants. | |

Defendants file this Notice to alert the Court to two recent decisions, one from the United States Supreme Court and one from the Ninth Circuit Court of Appeals.

On March 26, 2025, the Supreme Court decided *Bondi v. VanDerStok*, No. 23-852, 604 U.S. ___, 2025 WL 906503 (U.S. Mar. 26, 2025).  The central question in *VanDerStok* was whether the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") exceeded its

Page 1 –    DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

statutory rulemaking authority under the Gun Control Act by promulgating a rule that interpreted "firearm" to include certain weapon parts kits and partially completed frames or receivers. Some portions of *VanDerStok* are relevant here. In their motion to dismiss, defendants argue that ghost guns "are often used unlawfully." (Defs.' Mot. to Dismiss First Am. Compl. and, in the Alt., Mot. for Summ. J. ("Mot. to Dismiss") (Dkt. 37) at 14.) The Supreme Court discussed the increased prevalence of ghost guns and their use in crime, noting that the government described "an explosion of crimes" involving ghost guns. *VanDerStok*, 2025 WL 906503, at *3 (quoting petitioner's brief).

Defendants also argued that "[t]he only advantage of unserialized firearms over serialized firearms is that they frustrate law enforcement efforts to investigate and prosecute crime." (Mot. to Dismiss at 14.) In *VanDerStok*, the Supreme Court observed that "serialization requirements . . . aim to assist law enforcement authorities in investigating serious crimes[.]" *VanDerStok*, 2025 WL 906503, at *3 (quotation marks and citations omitted).

Finally, defendants argued that "[s]ince 1968, federal law has required serial numbers on firearms" and "[g]iven that long regulatory history, it would be implausible for plaintiffs to contest that the overwhelming majority of firearms currently in the United States carry serial numbers." (Mot. to Dismiss at 13.) In concurrence, Justice Sotomayor noted that "[f]or more than half a century, firearms dealers, manufacturers, and importers have complied with the Gun Control Act's requirements. They have marked their products with serial numbers[.]" *VanDerStok*, 2025 WL 906503, at *13 (Sotomayor, J., concurring).

On March 20, 2025, the Court of Appeals for the Ninth Circuit decided *Duncan v. Bonta*, No. 23-55805, ___ F.4d ___, 2025 WL 867583 (9th Cir. Mar. 20, 2025). The Ninth Circuit's decision includes some analysis that is relevant to this matter.

In their motion to dismiss, defendants addressed the contours of the "common use" analysis set out in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *District of Columbia v. Heller*, 554 U.S. 570 (2008). Defendants argued that simply because firearms are commonly owned does not mean that such arms are commonly used for self-defense. (Mot. to Dismiss at 13 n.4.) The Ninth Circuit addressed this argument in *Duncan*. It rejected the notion that simply because many people own a kind of firearm such an arm is in common use. 2025 WL 867583, at *22 ("We reject that simplistic approach.").

The Ninth Circuit also affirmed that *United States v. Alaniz*, 69 F.4th 1124 (9th Cir. 2023), which defendants cite in their reply brief, "remains good law" for the proposition that the common-use analysis is conducted as part of the textual inquiry, rather than as part of the historical inquiry. *Duncan*, 2025 WL 867583, at *7 n.2; (Defs.' Reply in Supp. of Mot. to Dismiss First Am. Compl. and, in the Alt., Mot. for Summ. J. (Dkt. 41) at 4).

DATED: April 4, 2025, 2025.            DAN RAYFIELD
                                       ATTORNEY GENERAL
                                       FOR THE STATE OF OREGON


                                       *s/ Harry B. Wilson*
                                       Harry B. Wilson, OSB #077214
                                       HarryWilson@MarkowitzHerbold.com
                                       Anit K. Jindal, OSB #171086
                                       AnitJindal@MarkowitzHerbold.com
                                       Erin N. Dawson, OSB #116334
                                       ErinDawson@MarkowitzHerbold.com
                                       *Special Assistant Attorneys General for Defendants*

2295746